IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDY PINEDA<br><br>Plaintiff<br><br>v.<br><br>RICHARD E. CHROMIAK,<br>WOLFE TRUCKING, and<br>RITE-WAY ENTERPRISES,<br><br>Defendants. | CIVIL ACTION<br>NO. 17-5833 |

**Henry S. Perkin, M.J.**                                                                                                    **July 27, 2018**

## MEMORANDUM

This matter is before the Court on Defendant, Rite-Way Enterprise, Inc.'s 12(b)(2) Motion to Dismiss (Dkt. No. 16) and Defendant, Rite-Way Enterprise, Inc.'s Brief in Support of its Rule 12(b)(2) Motion to Dismiss (Dkt. No. 16-9), both filed on April 19, 2018. Plaintiff, Eddy Pineda's Response to Defendant, Rite-Way Enterprise Inc.'s 12(b)(2) Motion to Dismiss (Dkt. No. 17) was filed on May 2, 2018. Defendant, Rite-Way Enterprise, Inc's Reply to Plaintiff's Brief in Opposition to Defendant's Rule 12(b)(2) Motion to Dismiss (Dkt. 32) was filed with leave of Court on July 11, 2018. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

### I.     PROCEDURAL HISTORY

Plaintiff filed a writ of summons on August 31, 2017 against defendants Richard Chromiak ("Chromiak"), Wolfe Trucking, Inc. ("Wolfe Trucking"), and Rite-Way Enterprises, Inc. ("Rite-Way"). Def's. Mot. ¶ 1. A second writ of summons against the same three

1

defendants was filed on October 17, 2017. Id. Around that time, the attorney for Chromiak and Wolfe Trucking informed Plaintiff's attorney that Rite-Way "has no relationship" to the accident. Id. Ex. A.

Plaintiff filed his complaint in the Court of Common Pleas of Philadelphia County on December 8, 2017. Def.'s Mot. ¶ 4; Ex. B. p. 2. Defendants Chromiak and Wolfe Trucking filed a Notice of Removal on December 28, 2017, invoking diversity jurisdiction, and removed the case to this Court. Id. ¶ 6; Ex. C. Although Rite-Way consented to the removal, it reserved all defenses, including its defense based upon lack of personal jurisdiction. Def.'s Reply to Pl.'s Opp'n p. 2. Defendants Chromiak and Wolfe Trucking filed an Answer on January 22, 2018. Rite-Way did not join in the Answer and has never filed an Answer.

In February 2018, the same attorney representing Chromiak and Wolfe Trucking was retained to represent Rite-Way. Def. Mot. ¶ 11. During a February 28, 2018 conference call with this Court, counsel for Chromiak and Wolfe Trucking informed Plaintiff's counsel that Rite-Way is not a proper party and that personal jurisdiction over Rite-Way is lacking. On March 26, 2018, Defendants' counsel contacted Plaintiff's counsel, asking that Rite-Way be voluntarily dismissed. Id. Ex. G. Plaintiff's counsel did not agree to dismiss Rite-Way from the litigation, Id. ¶ 14, and Rite-Way filed a Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) on April 19, 2018. Plaintiff filed a Brief in Opposition to Rite-Way's Motion to Dismiss on May 2, 2018. With leave of Court, Rite-Way's Reply to Plaintiff's Brief in Opposition was filed on July 11, 2018.

## II. FACTUAL BACKGROUND

Taking the averments in the Complaint as true,[1] the pertinent facts to this Court's determination are as follows:

On October 20, 2015, Plaintiff Eddy Pineda was occupying a vehicle that was stopped in a parking lot in Luzerne County. Compl. ¶ 6. At the same time, Defendant Chromiak, within the course of his employment with Defendant Wolfe Trucking, was operating a tractor trailer owned by Wolfe Trucking in the same parking lot. Id. ¶ 8. Chromiak, driving "at an excessive rate of speed" and having "failed to make an appropriate turn," struck the front of Plaintiff's vehicle. Compl. ¶ 9. Plaintiff claims to suffer serious injury and impairments, including spinal injuries and resulting medical expenses and loss of earnings. Id. ¶¶ 19-21.

Plaintiff is a Pennsylvania resident. Id. ¶ 1. Chromiak is a California resident. Id. ¶ 2. Wolfe Trucking and Rite-Way are California corporations with their principal place of business located in Van Nuys, California. Id. ¶¶ 3, 4; Def.'s Mot.; Ex. C at ¶¶ 8-9. Rite-Way claims it is not a parent or affiliate of Wolfe Trucking and it "did not control" Wolfe Trucking at the time of the accident. Notice of Removal ¶ 10; Def.'s Mot. p. 3; Def.'s Br., Ex. H ¶ 5. However, Plaintiff alleges the companies have an "intertwined" history that continues to this day. Pl.'s Br. in Opp'n p. 2; Ex. D, F. Taking these disputed facts in favor of the plaintiff, the Court acknowledges some connection between the two Defendant companies.

Rite-Way is a truck brokerage and factoring company. Def"s. Mot. ¶ 19. According to Defendants, a truck brokerage company matches available trucks with freight that needs to be hauled. Factoring is a form of alternative financing. A factoring company is a third party that buys a company's invoices at a discount price to provide cash to the company. Def's.

---

[1] "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations in the complaint as true." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d. Cir. 1996) (citing Narco Avionics, Inc. v. Sportsman's Mkt., Inc., 792 (F. Supp. 398, 402 (E.D. Pa. 1992)).

3

Mot. ¶ 20; Ex. H ¶¶ 8, 9. According to the affidavit of Rite-Way's Chief Financial Officer, Jack Wolfe, Rite-Way does not do business in Pennsylvania; is not registered to do business in Pennsylvania; has never maintained offices, locations, or financial accounts in Pennsylvania; has never advertised in Pennsylvania; and has never employed agents, brokers, or employees in Pennsylvania. Def.'s Mot. ¶¶ 21-26; Ex. H ¶¶ 2, 12-17. According to Wolfe, Rite-Way likely provided factoring services relative to the load being hauled by Wolfe Trucking and Chromiak, but any such factoring agreement would have been negotiated in California. Id. Ex. H. ¶ 10-11. Additionally, Rite-Way's former Secretary, Yale Herr, claims in his affidavit that Rite-Way did not own, control, or lease the truck involved in the accident, nor did it employ Chromiak at any time. Id. Ex. D ¶ 6-7.

## III. STANDARD OF REVIEW

When a defendant raises the defense of the court's lack of personal jurisdiction, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" through "affidavits or competent evidence." Dayhoff, 86 F.3d at 1302; Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing Provident Nat. Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987)). Although it is the plaintiff's burden to demonstrate facts establishing personal jurisdiction, the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Cateret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d. Cir. 1992)). Once a plaintiff demonstrates a *prima facie* case of personal jurisdiction over a defendant, the defendant has the burden of establishing the court's exercise of jurisdiction is unreasonable. Financial Software Sys., Inc. v.

4

Questrade, No. 18-742, 2018 WL 3141329, at *2 (E.D. Pa. June 27, 2018) (citing Stann v. Olander Prop. Mgmt. Co., No. 11-CV-7865, 2014 WL 3628588, at *2 (E.D. Pa. July 23, 2014)).

Rule 4(e) of the Federal Rules of Civil Procedure "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Mellon Bank, 960 F.2d at 1221. Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. § 5322 (1981), permits the courts of Pennsylvania to exercise personal jurisdiction over non-resident defendants that comports with "the constitutional limits of the due process clause under the fourteenth amendment." Mellon Bank, 960 F.2d at 1221.

If a defendant's contacts with the forum state are sufficient to subject the party to the state's general jurisdiction, that party can be called to answer any claim against them. Id. To exercise general jurisdiction, the non-resident defendant's affiliations with Pennsylvania must be "so continuous and systematic as to render them essentially at home in Pennsylvania." Gladstone Assoc., LLC v. FinTrust Capital Advisors, Inc., No. 18-1050, 2018 WL 1800856, at *2, (E.D. Pa., Apr. 16, 2018) (citing Daimler AG v. Baumen, 571 U.S. 117, 127 (2014)). In the absence of general jurisdiction, a defendant may be subject to specific jurisdiction of the forum state if the plaintiff's claim "is related to or arises out of the defendant's contacts with the forum." Mellon Bank, 960 F.2d at 1221 (quoting Dollar Sav. Bank v. First Sec. Bank, 746 F.2d 208, 211 (3d Cir. 1984)). The court may exercise jurisdiction if the defendant, the cause of action, and the forum fall within "minimum contacts" prescribed in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. Mellon Bank, 960 F.2d at 1221.

## IV. DISCUSSION

### A. Waiver

First, Plaintiff argues that Rite-Way waived its objection to personal jurisdiction because (1) Rite-Way consented to the removal and (2) Rite-Way's objection to personal jurisdiction was not timely. Pl.'s Br. in Opp'n p. 4. In response, Rite-Way claims that all defendants are required to join in removal under 28 U.S.C. § 1446(b)(2)(A) and that the Third Circuit has moved away from a restrictive interpretation relating to waiver due to untimely filing. Def.'s Reply Br. p. 2.

Consenting to removal does not waive a party's objection to personal jurisdiction. Rivera v. Bally's Park Place, Inc., 798 F. Supp. 2d 611, 615-16 (E.D. Pa. 2011). See also 5C Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 1395 (3d ed. 2013). 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who are properly joined and served . . . join in or consent to the removal of the action." Rite-Way was properly joined and served.[2] Rite-Way's consent was necessary to remove this action, and it does not constitute a waiver of personal jurisdiction. See Balazik v. Cty. Of Dauphin, 44 F.3d 209, 212 (3d Cir. 1995) ("[I]t is well established that removal generally requires unanimity among the defendants."), Lewis-Ugdah v. HBE Corp., No. 00-3884, 2000 WL 1780233, at *1 (E.D. Pa. Dec. 1, 2000) ("Though Plaintiffs contend that [Defendant] has waived the defense of personal jurisdiction by removing

---

[2] Plaintiff apparently mailed the Complaint to Rite-Way on December 11, 2017. Pl.'s Br. in Opp'n. p. 2. Evidently, there was a problem with the service, and the Complaint was resent on January 18, 2018, and received on January 22, 2018. Id. Neither party explains the reason behind resending the Complaint. Chromiak and Wolfe Trucking filed a Notice of Removal on December 29, 2017, with Rite-Way consenting to the removal action. Notice of Removal ¶ 10. Rite-Way briefly mentions in its brief it has not been "properly joined"; however it does not object to this Court's jurisdiction because it has been improperly served—an exception to the unanimity rule. See Balazik, 44 F.3d at 213 n.4 ("The unanimity rule [requiring all defendants to join in the removal petition] may be disregarded . . . when a non-resident defendant has not been served at the time the removing defendants filed their petition."). Moreover, Plaintiff does not claim a defect in the removal to federal court. Because Rite-Way raises no factual or legal argument explaining why it has not been "properly joined," the Court finds Rite-Way has been properly joined and its consent to removal was necessary.

the case to this Court, such removal does not constitute a waiver.").

If a defendant has not answered before removal, Federal Rule of Civil Procedure 81(c) sets time limits for the defendant to answer or present other defenses or objections. A defendant has the longest of the following time periods to respond after removal: (a) 21 days after receiving a copy of the initial pleading stating a claim for relief, (b) 21 days after being served with the summons for an initial pleading, or (c) 7 days after the notice of removal is filed. Id. 81(c)(2)(A)-(C). Rule 81(c) does not address the validity of an untimely motion.

Plaintiff claims that even under the longest of these time periods, Rite-Way's objection to personal jurisdiction is untimely and amounts to a waiver under Rule 12(h). Pl.'s Br. in Opp'n p. 4. A party that does not plead or otherwise defend risks default. Fed. R. Civ. P. 55(a). Rite-Way did not plead or otherwise defend within the time constraints prescribed by Rule 81(c). However, "the court has discretion to allow an untimely motion in the absence of a motion for default judgment." Kampf v. Heinecke, No. 94-6452, 1995 WL 262526, at *1 (E.D. Pa. Apr. 28, 1995). Default judgments "are generally disfavored in the law." Strukmeyer, LLC v. Infinite Fin. Solns., Inc., No. 3:13-cv-3798-L, 2013 WL 6388563, at *4 (N.D. Tex. Dec. 5, 2013) ("[T]here is a strong policy in favor of deciding cases on the merits. . . . [D]efault judgment[s] should not be granted on a claim, without more, that a defendant failed to meet a procedural time requirement."). Plaintiff has not asked that this court grant a default judgment against Rite-Way. See Kampf, 1995 WL 262526, at *1 ("In light of Plaintiff's failure to move for default before Defendants filed the instant motion, Defendants objections grounded on the lack of personal jurisdiction and improper venue are deemed timely.").

District Courts within this circuit have shifted away from strict interpretations of Rule 12(h). See Breland v. ATC Vancom, Inc., 212 F.R.D. 475, 477 (E.D. Pa. 2002). Further,

7

Plaintiff has not identified any prejudice he has suffered from Rite-Way's late filing. See Grabenstein v. A.O. Smith Corp., No. 2:11-cv-63929-ER, 2012 WL 2849389, at *1 n.1 (E.D. Pa. Apr. 2, 2012). Rite-Way's motion to dismiss for lack of personal jurisdiction is accepted as timely and will be considered on the merits.

### B. Personal Jurisdiction

Next, Plaintiff argues that this Court may exercise personal jurisdiction over Rite-Way under Pennsylvania's long-arm statute because Rite-Way is conducting business within the state. Pl.'s Br. in Opp'n p. 8-9. Rite-Way denies the state has jurisdiction over it because "Rite-Way was neither involved in the accident" nor "entered into or directed continuous or systematic contacts with the forum state." Def.'s Br. p. 6.

The parties do not distinguish between general and specific jurisdiction in their briefs.[3] However, since Plaintiff is not alleging that Rite-Way is "essentially at home" in Pennsylvania based on continuous and systematic contacts, the Court finds that Rite-Way is not subject to general jurisdiction in Pennsylvania. See Gladstone Assoc., 2018 WL 1800856, at *2, (citing Daimler, 571 U.S. at 127).

Specific jurisdiction over Rite-Way may still be possible. Pennsylvania's long-arm statute allows the exercise of personal jurisdiction in certain situations. 42 Pa. Cons. Stat. § 5322(a). The exercise of jurisdiction extends "to the fullest amount allowed by the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Id. § 5322(b).

---

3     "[O]ur cases . . . have always treated general and specific jurisdiction as analytically distinct categories, not two points on a sliding scale. These categories constitute distinct theories, and our cases recognize the importance of separate analysis." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 321 (3d. Cir. 2007) (quotations and citations omitted).

When determining if the court has specific jurisdiction over a defendant, the court must engage in a three-part inquiry: (1) whether the defendant "purposefully directed its activities at the forum," (2) whether the litigation "arise[s] out of or relate[s] to at least one of those activities," and (3) if the "exercise of jurisdiction otherwise comports with fair play and substantial justice." D'Jamoos ex. rel Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (quotations and citations omitted). Even if the first two parts are satisfied, the court may decide "other factors may militate against exercising jurisdiction." Pennzoil Prod. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 205 (3d Cir. 1998).

Rite-Way argues that our inquiry should stop at the first prong because Rite-Way has not purposefully directed its activities at the forum. Def.'s Br. p. 5. "Rite-Way did not employ [Chromiak], nor did it own, manage or maintain the truck he was operating at the time of this motor vehicle accident. There is no activity of Rite-Way to which this litigation relates." Def.'s Br. p. 5-6. This claim is backed by the affidavits of Rite-Way's executives, which contain a list of connections Rite-Way does not have with Pennsylvania. See Id. Ex. D, H.

To support our exercise of jurisdiction over Rite-Way, Plaintiff argues that Rite-Way has "close ties" with Wolfe Trucking and that Rite-Way "does conduct business in Pennsylvania by coordinating the shipping of merchandise through its borders." Pl.'s Br. in Opp'n p. 9. Plaintiff points to an affidavit submitted by Rite-Way's Chief Financial Officer, Jack Wolfe, admitting "Rite-Way likely provided such factoring services relative to the load being hauled by Wolfe Trucking at the time of the accident." Def.'s Br. Ex. H ¶ 10. However, while Plaintiff has demonstrated some connection between Rite-Way and Wolfe Trucking,[4] Plaintiff has not demonstrated with reasonable peculiarity the connection between Rite-Way and the state of Pennsylvania. The connection Rite-Way appears to have with Wolfe Trucking does

---

[4] See n.2.

not indicate Rite-Way deliberately targeted Pennsylvania or sought to enjoy the benefit of Pennsylvania's laws. See Kappe Assoc., Inc. v. Chesapeake Envtl Equip., LLC, No. 5:15-cv-02211, 2016 WL 1257665, at *7 (E.D. Pa. Mar. 31, 2016).

Moreover, even if Rite-Way had provided factoring services to the truck involved in the accident, the Court agrees with Rite-Way that "[t]he provision of such financial services plays no part in an automobile negligence cause of action." Def.'s Br. p. 3. When determining whether conduct arises out of or relates to a defendant's activities with the forum, "the court's analysis may begin with a 'but-for' causation inquiry in which the court considers 'whether the plaintiff's claim would not have arisen in the absence of defendant's contacts.'" Kappe, 2016 WL 1257665, at *7 (quoting O'Connor, 496 F.3d at 319, 322). The inquiry cannot end there: "[t]he casual connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo and personal jurisdiction reasonably foreseeable." O'Connor, 496 F.3d at 323. Even if Rite-Way had provided financial services to the truck driven by Chromiak on the day of the accident, the provision of those financial services is not a "but-for" cause of Plaintiff's negligence claims. Providing financial services to a trucking company that operates nationwide does not, in this case, make the exercise of personal jurisdiction by a court sitting in Pennsylvania reasonable.

Plaintiff points to the portion of Pennsylvania's long-arm statute that states "[t]he shipping of merchandise directly or indirectly into or through this Commonwealth" is "transacting business" within the Commonwealth, and a defendant engaged in such activity may be subject to personal jurisdiction in Pennsylvania.[5] 42 Pa. Cons. Stat. § 5322(a). However,

---

[5] The full text of the pertinent part of the statute states:

> (a) General rule.--A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be

10

Rite-Way is a factoring and brokerage company, and is not the entity that is shipping merchandise through the state. Plaintiff alleges that Rite-Way is indirectly shipping merchandise through Pennsylvania through their brokerage business and that "they achieve this end" through Wolfe Trucking. Pl.'s Br. in Opp'n p. 8-9. But Plaintiff can only demonstrate a connection between Rite-Way and Wolfe Trucking, not between Rite-Way and Pennsylvania. Since Plaintiff is unable to establish with reasonable peculiarity sufficient minimum contacts with Pennsylvania, the Court founds that the exercise of jurisdiction over Rite-Way would not comport with traditional notions of fair play and substantial justice.

## V. <u>CONCLUSION</u>

` For the foregoing reasons, Defendant Rite-Way's Motion to Dismiss will be granted. An appropriate order follows.

---

subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

   (iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

42 Pa. Cons. Stat. § 5322(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDY PINEDA<br><br>Plaintiff<br><br>v.<br><br>RICHARD E. CHROMIAK,<br>WOLFE TRUCKING, and<br>RITE-WAY ENTERPRISES,<br><br>Defendants. | CIVIL ACTION<br>NO. 17-5833 |

## ORDER

**AND NOW**, this 27th day of July, 2018, upon consideration of Defendant, Rite-Way Enterprise, Inc.'s 12(b)(2) Motion to Dismiss (Dkt. No. 16) and Defendant, Rite-Way Enterprise, Inc.'s Brief in Support of its Rule 12(b)(2) Motion to Dismiss (Dkt. No. 16-9); Plaintiff, Eddy Pineda's Response to Defendant, Rite-Way Enterprise Inc.'s 12(b)(2) Motion to Dismiss (Dkt. No. 17); and Defendant, Rite-Way Enterprise, Inc's Reply to Plaintiff's Brief in Opposition to Defendant's Rule 12(b)(2) Motion to Dismiss (Dkt. 32), and for the reasons set forth in the foregoing memorandum opinion,

**IT IS ORDERED** that the motion to dismiss (Dkt. No. 16) is **GRANTED**. Defendant, Rite-Way Enterprises, Inc. is **DISMISSED**.

BY THE COURT:

 */s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge