IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            :
EDDY PINEDA,                                :
                        Plaintiff           :
                                            :
    v.                                      :   CIVIL ACTION 17-5833
                                            :
RICHARD E. CHROMIAK; and                    :
WOLFE TRUCKING, INC.;                       :
                                            :
                        Defendants          :
_____:

**Henry S. Perkin, M.J.**                                            **January 10, 2019**

## MEMORANDUM

      This matter is before the Court on Defendants', Wolfe Trucking, Inc. and Richard E. Chromiak, Motion for Partial Summary Judgment filed November 15, 2018. Defendants seek dismissal of any and all of plaintiff, Eddy Pineda's claims for direct negligence against Wolfe Trucking, Inc. in Count II of plaintiff's Complaint. Plaintiff's responses and memorandum of law in opposition were filed December 5, 2018, and defendants filed a reply brief with leave of this Court on December 19, 2018. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

### Factual and Procedural History

      This case arises from a motor vehicle accident involving a tractor-trailer occupied by plaintiff Eddy Pineda ("Pineda"), and a tractor-trailer, driven by defendant Richard E. Chromiak ("Chromiak"), and owned by defendant Wolfe Trucking, Inc. ("Wolfe Trucking"). More specifically, Pineda alleges that, on October 20, 2015, he was occupying a vehicle that was stopped in a truck stop parking lot (Pilot Travel Center) located at/near 417 State Road 315, in

Pittston Township, Luzerne County, in the Commonwealth of Pennsylvania. At the same time, Chromiak, acting within the course of his employment with defendant Wolfe Trucking, was operating a tractor with trailer owned by Wolfe Trucking in the same parking lot. Pineda alleges that Chromiak, who was driving "at an excessive rate of speed, . . . failed to make an appropriate turn," and struck the front of Pineda's vehicle, causing Pineda to sustain serious physical injuries.

On December 8, 2017, Pineda filed the underlying lawsuit against Chromiak and his employer, Wolfe Trucking, asserting claims of negligence against both defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania. See Docket No. 1-2. Specifically, in Count I of the Complaint, Pineda alleges negligence and recklessness against Chromiak, and against Wolfe Trucking, through the doctrine of *respondeat superior*, for improperly operating his tractor-trailer at the time of the accident, including, among other allegations, "failing to bring his vehicle to a stop within the assured clear distance ahead, driving his vehicle at a speed greater than was reasonable and prudent under the conditions, [and] failing to keep a proper lookout." See Docket No. 1-2. In Count II of the Complaint, Pineda asserts claims of direct negligence against Wolfe Trucking for, *inter alia*, "improper and/or unreasonable hiring, supervision, instruction, education and/or training" of its employees. See Docket No. 1-2. Although Pineda asserts general allegations of reckless conduct against Chromiak and Wolfe Trucking, Pineda has confirmed through his counsel that he makes no specific claim for punitive damages against either Chromiak or Wolfe Trucking. See Plaintiff, Eddy Pineda's Memorandum of Law in Response to Defendants', Wolfe Trucking, Inc. and Richard Chromiak, Motion for Partial Summary Judgment, Docket No. 42 at 8.

On December 29, 2017, defendants, Chromiak and Wolfe Trucking, removed this case to the United States District Court for the Eastern District of Pennsylvania. See Docket No. 1. On January 22, 2018, defendants Chromiak and Wolfe Trucking filed their Answer to plaintiff's Complaint. In so doing, defendants admit that at the time of the accident, Chromiak was an employee of Wolfe Trucking. See Docket No. 3, ¶ 5. Defendants have since admitted that not only was Chromiak operating a tractor-trailer owned by Wolfe Tucking at the time of the accident, Chromiak was also acting within the course and scope of his employment at the time of the accident. See Defendants', Wolfe Trucking, Inc. and Richard E. Chromiak, Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment (Dkt. No. 40-2) at ¶ 15.

## **Standard of Review**

Summary judgment is appropriate where the record and evidence, taken in the light most favorable to the non-moving party, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing

law.  Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather that party must cite "to particular parts of materials in the record" showing that there is a genuine dispute for trial.  Fed. R. Civ. P. 56(c).  Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325).  The non-moving party has the burden of producing evidence to establish *prima facie* each element of its claim.  Celotex, 477 U.S. at 322-323.  If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine dispute as to any material fact, then summary judgment is proper.  Id. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).  When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case."  Jones v. Indiana Area Sch. Dist., 397 F. Supp.2d 628, 642 (W.D. Pa. 2005) (quoting Celotex, 477 U.S. at 325).

## Discussion

In their motion for partial summary judgment, defendants aver that because there is no claim for punitive damages, and because defendant Wolfe Trucking has admitted that defendant Chromiak was acting within the course and scope of his employment at the time of the subject accident, plaintiff's claims for corporate negligence (i.e. negligent hiring, entrustment, training, and supervision) contained in Count II of Pineda's Complaint are redundant and irrelevant, and should be dismissed in accordance with comparable federal cases.  For the reasons

that follow, we agree with defendants, and will dismiss Pineda's claims for corporate negligence that are contained in Count II of his Complaint.

As noted by the Honorable A. Richard Caputo, a United States District Judge for the Middle District of Pennsylvania, "[i]n the majority of states that have addressed this issue, a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred." Sterner v. Titus Transp., LP, No. 3:CV-10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013) (citations omitted). See also Achey v. Crete Carrier Corp., No. 07-CV-3592, 2009 WL 9083282, at *8 (E.D. Pa. Mar. 30, 2009) (citing Holben v. Midwest Emery Freight System, Inc., 525 F.Supp. 1224, 1224-1225 (W.D. Pa. 1981)) (holding that claims for negligent supervision and negligent hiring must be dismissed where employer concedes agency relationship and no punitive damages claim exists). "The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence. Therefore, courts following the majority rule [stated above] have determined that evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under *respondeat superior*." Sterner, 2013 WL 6506591, at *3 (quoting Zibolis-Sekella v. Ruehrwein, No. 12-cv-228, 2013 WL 3208573, at *2 (D.N.H. June 24, 2013)).

Judge Caputo recognized that although the Supreme Court of Pennsylvania had not yet addressed this issue, "[f]ederal district courts in Pennsylvania . . . have applied the majority rule and refused to allow claims for negligent entrustment, supervision, monitoring, and hiring to proceed when (1) the supervisor/employer defendant admits that its employee was

5

acting in the scope of his or her employment at the time of the accident, *and* (2) the plaintiff does not have a viable claim for punitive damages against the supervisor/employer defendant." Sterner, 2013 WL 6506591, at *4 (collecting cases).

We note further that within our own district, the late Honorable Thomas M. Golden, in the case of Achey, applied the majority rule by finding as follows:

> [O]nce an employer admits vicarious liability on the basis of its employee's actions under *respondeat superior*, any additional claim of negligent hiring must be dismissed by the Court because the evidence in support of such a claim would create confusion for the jury, risk multiple recovery, and be unfairly prejudicial. See, e.g., Fairshter v. Am. Nat'l Red Cross, 322 F. Supp. 2d 646, 653-54 (E.D. Va. 2006) (discussing theory for precluding negligent entrustment claim where separate vicarious liability claim is also asserted); Fortunato v. May, No. 04-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009). . . .
>
> 'As a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant conceded an agency relationship with the co-defendant.' See Fortunato, 2009 WL 703393, at *5; see also Holben v. Midwest Emery Freight Sys., Inc., 525 F. Supp. 1224, 1224-1225 (W.D. Pa. 1981) ("Were it not for the punitive damages claim we would strike the 'negligent entrustment' cause of action."). However, an exception to this rule exists 'when a plaintiff has made punitive damages claims against the supervisor defendant.' Fortunato, 2009 WL 703393, at *5. 'In such a case, the plaintiff can not receive complete relief based upon the primary defendant's negligence, and must also assert a separate negligence claim against the supervisor.' Id. Here, because Defendants have admitted the existence of an agency relationship and Plaintiff's negligent entrustment punitive damages claims fail, the Court will dismiss [the claims for negligent/reckless entrustment].

Achey v. Crete Carrier Corp., No. 07-CV-3592, 2009 WL 9083282, at *7-8 (E.D. Pa. Mar. 30, 2009). See also Felkner v. Werner Enterprises, Inc., No. CIV.A. 13-2189, 2014 WL 1013474, at *7 (E.D. Pa. Mar. 14, 2014) (Sitarski, M.J.) (negligent supervision claim dismissed in its entirety

when defendant admitted that an agency relationship existed and there was insufficient evidence to support a finding of punitive damages).

We believe the rationale of the foregoing cases is sound and, therefore, see no reason to divert from them. Because Wolfe Trucking has admitted that Chromiak was its employee acting within the scope of his employment at the time of the motor vehicle accident in question (See Defendants', Wolfe Trucking, Inc. and Richard E. Chromiak, Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment (Dkt. No. 40-2) at ¶ 15), and because Pineda has confirmed through his counsel that he does not have a viable punitive damage claim against defendants (See Plaintiff, Eddy Pineda's Memorandum of Law in Response to Defendants', Wolfe Trucking, Inc. and Richard Chromiak, Motion for Partial Summary Judgment, Docket No. 42 at 8), any claims for negligent hiring, entrustment, training, and/or supervision claims against Wolfe Trucking will be dismissed.

In an effort to overcome summary judgment, Pineda avers that a genuine issue of material fact exists regarding his claims of negligent hiring, entrustment, supervision, and training. More specifically, Pineda contends that there are specific facts in this matter which demonstrate direct negligence against Wolfe Trucking to show that it knew or should have known that Chromiak was unfit to operate a commercial vehicle.[1] See Plaintiff, Eddy Pineda's

---

[1] Specifically, Pineda avers that Chromiak's job with Wolfe Trucking was his first CDL trucking job, and that he had only been driving as first seat for Wolfe Trucking for five months prior to the accident. See Plaintiff, Eddy Pineda's Memorandum of Law in Response to Defendants', Wolfe Trucking, Inc. and Richard Chromiak, Motion for Partial Summary Judgment, Docket No. 42 at 9. Contrary to these assertions, however, defendants aver that Wolfe Trucking had no reason to foresee that Chromiak would make an allegedly improper turn into a parking lot at a truck stop, especially since Chromiak did not have any prior accidents or motor vehicle citations. Additionally, defendants aver that Wolfe Trucking provided commercial vehicle training to Chromiak prior to the incident, including administering a road test to Chromiak, which he passed. See Defendants', Wolfe Trucking, Inc. and Richard E. Chromiak, Memorandum in Support of Their Motion for Partial Summary Judgment, Docket No. 40-1 at 5.

Memorandum of Law in Response to Defendants', Wolfe Trucking, Inc. and Richard Chromiak, Motion for Partial Summary Judgment, Docket No. 42 at 9. We find, however, that these assertions do not preclude summary judgment being granted in favor of Wolfe Trucking with respect to the foregoing claims. Quite simply, Pineda's claims for negligent hiring, entrustment, training, and supervision are not permitted because Wolfe Trucking conceded an agency relationship in this matter.

As noted by the foregoing cases, which we find persuasive, claims for negligent hiring, entrustment, training and supervision, are simply not permitted when an employer admits that its employee was acting in the scope of his employment at the time of the accident, and the plaintiff does not have a viable claim for punitive damages against the employer. Sterner, 2013 WL 6506591, at *4 (collecting cases). Accordingly, Pineda is precluded from alleging that a genuine issue of material fact exists regarding his corporate negligence claims, as such claims must be dismissed because Wolfe Trucking conceded an agency relationship at the time of the accident, and no claim for punitive damages exists. See Achey, *supra*; Sterner, *supra*; Holben, *supra*; Felkner, *supra*.

## **Conclusion**

Defendants', Wolfe Trucking, Inc. and Richard E. Chromiak, Motion for Partial Summary Judgment will be granted. Pineda's claims for negligent hiring, entrustment, training, and supervision against defendant Wolfe Trucking are dismissed.

An Order follows.